**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

MICHAEL T. HAFFNER, as Trustee of the )
CHAUFFEURS, TEAMSTERS & HELPERS )
LOCAL UNION NO. 301 HEALTH & )
WELFARE FUND and as Trustee of the )
CHAUFFEURS, TEAMSTERS & HELPERS )　　Case No.
LOCAL UNION NO. 301 PENSION FUND, )
　　　　　　　　　　　　　　　　　　　 )
　　　　　　　　　　　　Plaintiffs, )
　　　　　　　　　　　　　　　　　　　 )　　Judge
　　　　v. )
　　　　　　　　　　　　　　　　　　　 )
PEET FRATE LINE, INC., )
　　　　　　　　　　　　　　　　　　　 )
　　　　　　　　　　　　Defendant. )

## <u>COMPLAINT</u>

Now come the Plaintiffs, Michael Haffner as Trustee of the Chauffeurs, Teamsters, &

Helpers Local Union No. 301 Health & Welfare Fund, et al., by their attorney, Travis J. Ketterman

of McGann, Ketterman, and Rioux, complaining of the Defendant, Peet Frate Line, Inc., and allege

as follows:

　　　　1.　　This action arises under Section 502 of the Employee Retirement Income Security

Act and Section 301 of the Taft-Hartley Act. (29 U.S.C. §§1145 and 185). Jurisdiction is founded

on the existence of questions arising thereunder.

　　　　2.　　The Chauffeurs, Teamsters, & Helpers Local Union No. 301 Health & Welfare

Fund and Chauffeurs, Teamsters, & Helpers Local Union No. 301 Pension Fund (collectively

"Trust Funds") receive contributions from numerous employers pursuant to Collective Bargaining

Agreements between the employers and the Chauffeurs, Teamsters, & Helpers Local Union No.

301 ("Union"), and therefore are multiemployer plans. (29 U.S.C. §1002). The Trust Funds are

administered at 36990 N. Green Bay Road, Waukegan, Illinois, and venue is proper in the Northern District of Illinois.

3.      Peet Frate Line, Inc. is an employer engaged in an industry affecting commerce that entered into agreements requiring Peet Frate Line, Inc. to pay benefit contributions to the Trust Funds.

4.      Peet Frate Line, Inc. is required to pay liquidated damages, interest, reasonable attorney fees, court costs, and other reasonable amounts incurred in the collection process.

5.       Peet Frate Line, Inc. must submit a monthly contribution report and the benefit contributions owed to the Trust Funds. Peet Frate Line, Inc. must also submit timely payment of the corresponding benefit contributions listed on its monthly contribution report to the Trust Funds.

6.      Peet Frate Line, Inc. breached the provisions of the Collective Bargaining Agreements and the Trust Agreements by failing to submit contribution payments for the months of June 2025 through August 2025.

7.      Peet Frate Line, Inc. failed to submit liquidated damages resulting from untimely contributions for the months of January 2025 through August 2025.

8.      Plaintiffs have complied with all conditions precedent in bringing this suit.

9.      Plaintiffs have been required to employ the undersigned attorneys to compel payment of the amounts owed and obtain the missing contributions reports.

10.     Peet Frate Line, Inc. is obligated to pay the attorney and court costs incurred by the Plaintiffs pursuant to the Collective Bargaining Agreements, the Trust Agreements and/or 29 U.S.C. §1132(g)(2)(D).

11.    According to the Collective Bargaining Agreement, the Trust Agreements and/or 29 U.S.C. §1132(g), Peet Frate Line, Inc. is obligated to liquidated damages and interest on the amounts of the delinquent contributions.

12.    Pursuant to 29 U.S.C. §1132(g)(2), Plaintiffs are entitled to an amount equal to the greater of:

(a)    double interest; or
(b)    interest plus liquidated damages.

WHEREFORE, Plaintiffs pray:

a)    That Peet Frate Line, Inc. be ordered to pay all benefit contributions for the months of June 2025 through August 2025, which include $34,650 owed to the Health and Welfare Fund and $12,924.00 owed to the Pension Fund.

b)    That Peet Frate Line, Inc. be ordered to pay liquidated damages pursuant to the Trust Agreements, which includes $9,914.50 owed to the Health and Welfare Fund and $3,084.30 owed to the Pension Fund.

c)    That Peet Frate Line, Inc. be ordered to pay interest on the amount that is due pursuant to 29 U.S.C. §1132 (g)(2)(B).

d)    That Peet Frate Line, Inc. be ordered to pay interest or liquidated damages pursuant to 29 U.S.C. §1132 (g)(2)(C).

e)    That Peet Frate Line, Inc. be ordered to pay the reasonable attorney's fees and costs incurred by the Plaintiffs pursuant to the Trust Agreements and 29 U.S.C. §1132 (g)(2)(D).

f)    That Plaintiffs have such other and further relief as by the Court may be deemed just and equitable all at the Defendant's costs pursuant to 29 U.S.C. §1132(g)(2)(E).

Respectfully Submitted,

CHAUFFEURS, TEAMSTERS & HELPERS
LOCAL UNION NO. 301 HEALTH & WELFARE
FUND et al.

s/Travis J. Ketterman
By: _____
TRAVIS J. KETTERMAN

McGann Ketterman & Rioux
111 East Wacker Drive, Suite 2300
Chicago, Illinois 60601
(312) 251-9700
tketterman@mkrlaborlaw.com
August 11, 2025